UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RLI INSURANCE COMPANY,

    Plaintiff,

v.                                                         Case No: 8:20-cv-0786-KKM-CPT

COASTLINE TITLE OF PINELLAS, LLC, and
ANTONI KRUK,

    Defendants.
_____

## ORDER

Antoni Kruk bought some property in the summer of 2016 and Coastline Title of Pinellas, LLC, served as the closing agent on the sale. Afterward, Kruk filed a class action lawsuit against Coastline, alleging that it wrongly charged him $300 instead of the seller. Coastline in turn filed a claim with its insurer, RLI Insurance Company, asking it to defend and indemnify Coastline against Kruk's lawsuit. RLI denied the claim and filed this declaratory judgment action against Coastline and Kruk, seeking a declaration from this Court that RLI had no duty to defend or indemnify Coastline. Both RLI and Coastline now move for summary judgment. The Court grants RLI's motion, denies Coastline's, and enters judgment for RLI.

I.  BACKGROUND[1]

In July 2016, Kruk agreed to purchase real estate from Mark and Julie Coleman. (Doc. 45 at 3; Doc. 47-1 at 3.) The purchase agreement required the Colemans to designate the closing agent for the deal, and they chose Coastline. (Doc. 19-1 ¶¶ 12, 16.) The purchase agreement also obligated the Colemans to pay for the owner's "title policy premium, title search[,] and closing services," collectively known as "Owner's Policy and Charges." (*Id.* ¶ 12.) The agreement obligated Kruk to "pay the premium for [his] lender's policy and charges for closing services *related to* the lender's policy, endorsements and loan closing." (*Id.*) Because Kruk agreed to pay with cash, he had no lender to pay. (Doc. 45 at 3; Doc. 19-1 ¶ 15.) Coastline nevertheless charged Kruk a "Closing Services Fee" of $300. (Doc. 45 at 3.)

Kruk, viewing this charge as a violation of his purchase agreement, which he thought obligated the seller to bear sole responsibility for the closing services fee, sued Coastline in state court on November 26, 2019. Complaint, *Antoni Kruk v. Coastline Title of Pinellas, LLC*, No. 19-007844-CI (Fla. Cir. Ct. Nov. 26, 2019). On behalf of himself and others similarly situated, Kruk brought claims for gross negligence, negligence, breach of fiduciary duty, and unjust enrichment and alleged that he and the putative class members

---

[1] The Court recounts the undisputed facts as contained in the record. To the extent facts are disputed or capable of multiple inferences, the Court construes the record in favor of Coastline. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020).

were damaged by paying fees "they should not have paid." (*Id.* ¶¶ 59, 67, 82, 92.) Kruk based his claims on Coastline's alleged failure to adhere to Kruk's purchase agreement. Both the negligence claims and the breach of fiduciary duty claim alleged that Coastline breached its duty of care to Kruk by failing to adhere to the contractual requirements. (*Id.* ¶¶ 55–57, 64–66, 75–77.) And Kruk's unjust enrichment claim alleged that Coastline received a benefit it was not entitled to because the fee was not "authorized in the Contract." (*Id.* ¶ 88.)

After Kruk filed suit against Coastline, Coastline filed a claim with its insurer, RLI, requesting RLI to defend it and to indemnify it against any damages from Kruk's lawsuit. (Doc. 67-1 at 2.) RLI denied the claim, asserting that the insurance policy neither obligated it to defend the lawsuit nor to indemnify Coastline. (*Id.*) In issuing the policy, RLI assumed the "duty to defend any Claim to which [the insurance policy] applies." (*Id.* at 6 (emphasis omitted).) The policy defined a "Claim" as a "demand for money as compensation for a Wrongful Act" or a lawsuit against the insured that sought to hold the insured "responsible for a Wrongful Act." (*Id.* at 7–8 (emphasis omitted).) And it defined a "Wrongful Act" as "any actual or alleged error, omission or negligent act, committed solely in the rendering of or failure to render Professional Services by an Insured." (*Id.* at 9 (emphasis omitted).) The policy also covered "Claim Expenses," which were those "legal fees and expenses incurred by the Insurer or by any attorney designated by the Insurer to defend any Insured"

3

as well as "all other fees[ or] costs . . . resulting from the investigation, adjustment, defense and appeal of a Claim." (*Id.* at 8 (emphasis omitted).)

Importantly, the policy excluded "Damages [and] Claim Expenses in connection with any Claim . . . in any way involving" Coastline profiting in a way it was "not legally entitled." (*Id.* at 9–10.) The policy also excluded "salaries, wages, overhead or benefits expenses of any Insured." (*Id.* (emphasis omitted).)

On April 3, 2020, after it denied Coastline's claim for coverage, RLI brought this action against both Kruk and Coastline seeking a declaratory judgment that RLI was not responsible for defending or indemnifying Coastline. (Doc. 1; Doc. 19 ¶¶ 34, 38, 42, 46, 50.) RLI's first two and final two counts alleged different reasons for why the insurance policy did not require RLI to indemnify or defend Coastline. (Doc. 19 at 6–8.) RLI's third count alleged reasons only for why the policy did not obligate RLI to indemnify Coastline. (*Id.* at 7.) Coastline answered, claiming that RLI was obligated to defend it and seeking to recover attorney's fees for defending against RLI's declaratory judgment action. (Doc. 31 at 10–11.)

Kruk moved to dismiss RLI's complaint because the request for a declaratory judgment on RLI's duty to indemnify was not yet ripe since the state court action remained ongoing. (Doc. 24.) The Court agreed and dismissed without prejudice RLI's request for a declaratory judgment as to indemnification but permitted the case to proceed on the

4

claims for a declaratory judgment as to the duty to defend. (Doc. 38 at 8.) Although not specified in the order, the effect was dismissal of RLI's third count, which alleged reasons for granting declaratory judgment only as to RLI's duty to indemnify and dismissal of the other claims insofar as they requested a declaratory judgment as to indemnification. (*Id.*)

On December 13, 2021, RLI notified the Court that the underlying state court action was dismissed with prejudice. (Doc. 58.) As part of its notice, RLI stipulated to the dismissal with prejudice of its claims against Kruk, which the Court construed as a motion to dismiss under Rule 41(a)(2) and granted. (Doc. 61.) Both RLI and Coastline now move for summary judgment on Counts I, II, IV, and V, the remaining declaratory judgment claims concerning the duty to defend. (Doc. 45; Doc. 47.)

## II.  LEGAL STANDARD

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A moving party is entitled to summary judgment when the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant always bears the initial burden of informing the district court of the basis for its motion

and identifying those parts of the record that demonstrate an absence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When that burden is met, the burden shifts to the nonmovant to demonstrate that there is a genuine issue of material fact, which precludes summary judgment. *Id.* The nonmoving party must "go beyond the pleadings" and point to evidence in the record that demonstrates the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 324. The Court reviews all the record evidence and draws all legitimate inferences in the nonmoving party's favor. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020).

### III. ANALYSIS

Because the Court previously dismissed the claim seeking declaratory judgment that the insurance policy did not require RLI to indemnify Coastline, the only issue remaining is whether RLI was required to defend Coastline in the state court action brought against it by Kruk. RLI and Coastline both move for summary judgment.[2]

RLI argues that several exclusions in the policy, each aligning with a particular count in the Amended Complaint, prevented Kruk's state court complaint from triggering RLI's duty to defend. Coastline contends that the exclusions did not apply, and the policy required RLI to defend it. The Court grants summary judgment to RLI, concluding RLI

---

[2] Although he never moved for summary judgment, Kruk responded to RLI's summary judgment motion. (Doc. 51.) But because the Court dismissed RLI's claims against Kruk with prejudice, Kruk has no further interest in the outcome of this case and the Court will not consider his arguments.

had no duty to defend Coastline against Kruk's action because Kruk alleged Coastline received remuneration it was not entitled to receive. Because the Court grants judgment on RLI's second count and the other counts request duplicative relief, the Court declines to exercise jurisdiction over them.

## A. The Court Has Jurisdiction

After RLI notified the Court that Kruk and Coastline had stipulated to dismissal with prejudice of the state court action, the Court directed the parties to brief whether it continued to have jurisdiction. (Doc. 61.) The Court noted that it was unclear what prospective injury RLI might suffer that would give it standing to bring this declaratory judgment action. (*Id.* at 3–4.) Coastline agreed, advancing the position that it had not yet decided whether it would file a breach of contract claim premised on RLI denying coverage. (Doc. 68.) In contrast, RLI contended the Court had jurisdiction because Coastline would not unequivocally relinquish any potential breach of contract claim against RLI and noted that, between the state and federal actions, Coastline incurred $85,349 in defending itself, implying a substantial threat of a civil action from Coastline. (Doc. 67 at 5, 12.)

A federal court has jurisdiction to decide a declaratory judgment action where the plaintiff alleges a "substantial likelihood that [it] will suffer injury in the future." *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1211 (11th Cir. 2019) (quotation omitted). Here, RLI faces a substantial likelihood that it will suffer an injury in

7

the future—specifically, because RLI did not defend Coastline in state court and sued it in federal court, Coastline incurred over $80,000 in defending the two actions. (Doc. 67 at 5.) The amount in dispute suggests that there is a "substantial likelihood" that Coastline will sue RLI to recover its costs. *See Four Ambassadors Master Ass'n, Inc. v. Seneca Ins. Co.*, No. 20-22047-CIV, 2021 WL 371694, at *4 (S.D. Fla. Feb. 3, 2021) (Scola, J.) (concluding that $425,000 in controversy was sufficient to show a substantial threat of a lawsuit); *Clarendon Nat'l Ins. Co. v. Vickers*, No. 05-60805-CIV, 2006 WL 8434796, at *4 (S.D. Fla. May 25, 2006) (Moreno, J.) (concluding that a demand for the declaratory judgment plaintiff to "pay in excess of $800,000 in legal fees allegedly incurred in the defense of the three underlying lawsuits" shows "that a viable controversy exists before this court"). The Court has jurisdiction over this declaratory judgment action.

### B. RLI Had No Duty to Defend Coastline

In its Motion for Summary Judgment, RLI argues that it had no duty to defend Coastline because Kruk's complaint alleged that Coastline received remuneration it was not entitled to receive. Although RLI requested the same declaratory judgment in all its counts, RLI alleged this particular exclusion in Count II of its Amended Complaint as the reason it had no duty to defend Coastline. The Court thus construes this argument as a motion for summary judgment on Count II and, finding relief warranted, grants it.

8

Under Florida law, the interpretation of an insurance contract, including resolution of ambiguity, is a question of law. *Dahl-Eimers v. Mut. of Omaha Life Ins. Co.*, 986 F.2d 1379, 1381 (11th Cir. 1993). When interpreting an insurance contract under Florida law, a court should construe the contract "in accordance with the plain language of the policy." *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So. 2d 161, 165 (Fla. 2003). When the relevant policy language "is susceptible to more than one reasonable interpretation, one providing coverage and the [other] limiting coverage, the insurance policy is considered ambiguous." *Id.* (alteration in original) (quotation omitted). But a provision which is "complex and requires analysis for application . . . is not automatically" ambiguous. *Id.* And the terms of an insurance policy "should be taken and understood in their ordinary sense." *Siegle v. Progressive Consumers Ins. Co.*, 819 So. 2d 732, 736 (Fla. 2002) (quoting *Gen. Accident Fire & Life Assurance Corp. v. Liberty Mut. Ins. Co.*, 260 So. 2d 249, 253 (Fla. 4th DCA 1972)).

Under Florida law, whether an insurer must defend its insured depends on whether the underlying complaint "alleges facts that fairly and potentially bring the action within policy coverage." *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 438 (Fla. 2005). Where a complaint alleges both facts that trigger and do not trigger an insurer's duty to defend, "the insurer is obligated to defend the entire suit." *S.-Owners Ins. Co. v. MAC Contractors of Fla., LLC*, 768 F. App'x 970, 971 (11th Cir. 2019) (per curiam) (quotation

9

omitted). The insured carries the burden of proving that the claim against it is covered by the insurance policy and the insurer carries the burden of proving an exclusion precludes coverage. *See LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1516 (11th Cir. 1997).

In RLI's second count, it alleges that the policy did not obligate it to defend Coastline because Kruk's complaint alleged that Coastline gained remuneration to which Coastline was not entitled. (Doc. 19 ¶¶ 35–38.) Specifically, Kruk alleged that Coastline retained a fee for its closing services which Coastline "was not authorized to collect from" from Kruk and other class members. (Doc. 19-1 ¶ 28.) In its Motion for Summary Judgment, RLI contends that this allegation precludes coverage under the policy. It is correct.

Under Coastline's insurance policy, RLI had no duty to defend Coastline if Coastline was sued to recover renumeration that it had no legal right to receive. The policy required RLI to defend Coastline against claims, unless the claim arose "out of, directly or indirectly result[ed] from or in consequence of or in any way involv[ed] . . . the gaining by [Coastline] of any personal profit, remuneration or advantage to which [Coastline] was not legally entitled." (Doc. 19-2 at 9–10.) As defined above, a "claim" is a lawsuit against Coastline alleging any error, omission, or negligent act done by Coastline while performing its professional services. (*Id.* at 7–9 (defining "claim" and "wrongful act").)

10

To invoke this policy exclusion, RLI must show that the underlying complaint alleges Coastline received remuneration it had no right to receive. RLI need not show that the underlying complaint alleged that Coastline received its remuneration through illegal activity. *See Jarvis Christian Coll. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 197 F.3d 742, 749 (5th Cir. 1999) ("'Not legally entitled' simply is not synonymous with 'illegal.'"). Instead, it need show only that Coastline was not "legally entitled" to the remuneration. (Doc. 19-2 at 10); *see Entitle, Black's Law Dictionary* (11th ed. 2019) ("To grant a legal right to or qualify for."); *see also Jarvis*, 197 F.3d at 749 (concluding that an insured is not "legally entitled" to any gain received by breaching a fiduciary duty).

Here, Coastline's insurance claim concerned a lawsuit against it for charging buyers $300 it should not have—in other words, it alleged errors and negligent conduct that "involv[ed]" Coastline receiving remuneration it had no legal right to receive. (Doc. 19-2 at 9–10); *see Remuneration, Black's Law Dictionary* (11th ed. 2019) (defining remuneration as payment or compensation received for performing a service). Kruk alleged that Coastline lacked authority to receive the compensation because the contract permitted Coastline to charge fees only from the sellers. (Doc. 19-1 ¶ 28 ("[Coastline] was not authorized to collect [the $300 closing fee] from [Kruk] and Class Members"); *id.* ¶ 18 ("The Contract provided that the Closing Services Fee was to only be allocated to the Seller.").) In the absence of a contractual right by Coastline to take fees from Kruk, any

11

money it took from Kruk must have been remuneration to which Coastline lacked a legal right. *Cf. Twin City Fire Ins. Co. v. CR Techs., Inc.*, 90 F. Supp. 3d 1320, 1326 (S.D. Fla. 2015) (Rosenberg, J.) (holding an insurance policy excluding losses for claims related to remuneration "to which the Insureds are not legally entitled" excluded a loss caused by civil theft). The underlying complaint does not allege conduct which "fairly and potentially bring[s] the action within policy coverage." *Jones*, 908 So. 2d at 438.

Coastline's principal objection on this score is that Kruk alleged that the closing services fee was only negligently and improperly charged to Kruk because "the seller agreed to pay it," not that Coastline's conduct was "illegal, excessive, or unlawful." (Doc. 49 at 14–15.) But even if Kruk alleged only that Coastline taking the money was negligent or that it constituted a breach of contract, he also alleged that Coastline lacked authority to take the money from him. This allegation renders his complaint against Coastline a claim "in any way involving" Coastline receiving remuneration for which it lacked legal entitlement. (Doc. 19-2 at 9–10.)

Coastline's other objections fare no better. First, Coastline argues that Kruk's complaint did not allege Coastline lacked authority to retain the fee because Florida law authorizes title insurance companies to retain a fee for closing services. *See* § 627.7711, Fla. Stat. But whether RLI has a duty to defend Coastline depends on the allegations in the complaint, not whether the legal theory holds water. *See Jones*, 908 So. 2d at 438. And

12

the complaint alleges that Coastline had no authorization to collect the fee from Kruk—regardless of whether Kruk's legal theory ultimately proved groundless. Further, the Florida statute Coastline cites is a definitional section which itself grants no affirmative authority for title insurers to collect fees in the circumstances Kruk describes in his complaint. *See* § 627.7711 (defining various terms related to title insurance contracts).

Second, Coastline argues that RLI cannot escape its duty to defend because the state court has not yet determined that Coastline's actions were unlawful.[3] (Doc. 49 at 2, 14.) Similarly, Coastline argues that the profit exclusion did not apply unless a court first found that Kruk was entitled to "free closing services." (*Id.* at 10.) But Florida law is clear that an insurer's duty to defend depends on the complaint in the underlying action, not its merits. *See Jones*, 908 So. 2d at 438; *see also Brown & LaCounte, L.L.P. v. Westport Ins. Corp.*, 307 F.3d 660, 663 (7th Cir. 2002) (holding that an insurer need not prove the allegations in an underlying action before an exclusion to a duty to defend applies because that requirement would render the exclusion meaningless). Nor does the contract language require that the Court first conclude that Coastline lacked legal entitlement to the fees before it decides whether the underlying complaint alleged a lack of such entitlement. *Cf. Twin City Fire Ins. Co.*, 90 F. Supp. 3d at 1326 (quoting a policy excluding coverage for

---

[3] When Coastline filed its response to RLI's Motion for Summary Judgment, the state case was still pending. The case has now ended, and Kruk's claims have been dismissed with prejudice. But the outcome of the underlying state claim has no effect on whether RLI was required to defend Coastline.

13

claims related to an insured gaining remuneration without legal entitlement "if a judgment or other final adjudication establishes that such a gain did occur"); *Desai v. Navigators Ins. Co.*, 400 F. Supp. 3d 1280, 1290 (M.D. Fla. 2019) (Jung, J.) (same).

Third, Coastline argues that RLI cannot meet its burden as the insurer to show that the allegations in Kruk's complaint fall "solely and entirely within the policy exclusion." (Doc. 47 at 18 (quoting *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1359 (M.D. Fla. 2001) (Presnell, J.).) But RLI can and does carry its burden. The policy excludes claim expenses for civil actions brought against Coastline that in "any way involv[e] . . . the gaining by [Coastline] of any . . . remuneration . . . to which [Coastline] was not legally entitled." (Doc. 19-2 at 9–10.) Kruk's entire civil action involves allegations that Coastline gained remuneration to which it was not legally entitled. *See Clark Sch. for Creative Learning, Inc. v. Phila. Indem. Ins. Co.*, 734 F.3d 51, 56 (1st Cir. 2013) (concluding that "[t]he 'or in any way involving' clause is a mop-up clause intended to exclude anything not already excluded by the other clauses").

Finally, Coastline's affirmative defense does not preclude judgment for RLI. In its answer, Coastline asserted one affirmative defense, alleging that it was entitled to attorney's fees against RLI if the Court enters judgment against RLI. (Doc. 31 at 11.) Coastline's defense asserts nothing that would render judgment for RLI inappropriate. And because the Court grants judgment for RLI, the affirmative defense is, on its own terms, irrelevant.

14

## C. The Court Declines Jurisdiction on the Remaining Claims

All of RLI's counts request the same relief: a declaratory judgment that RLI had no duty to defend or indemnify Coastline in Kruk's suit against it. (Doc. 19 at 6–8.) The Court has discretion over whether to entertain a declaratory judgment claim. Because the remaining counts are duplicative of RLI's second count, which the Court grants judgment on, the Court declines to exercise jurisdiction over the remaining claims and dismisses them.

Courts have broad discretion to decide whether to entertain a request for a declaratory judgment. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); *Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014) ("[D]istrict courts have exceptionally broad discretion in deciding whether to issue a declaratory judgment . . . ."). Where a claim for declaratory judgment is redundant with an earlier claim, courts frequently decline to entertain the declaratory judgment request. *See, e.g., Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*, 416 F. Supp. 3d 1369, 1375–77 (S.D. Fla. 2019) (Ruiz, J.) (declining); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-CV-947, 2009 WL 10671130, at *5 (M.D. Fla. Aug. 11, 2009) (Howard, J.) (same); *Gendler v. Related Grp.*, No. 09-21867-CIV, 2009 WL 10668980, at *4 (S.D. Fla. Sept. 14, 2009)

15

(Ungaro, J.) ("Requests for declaratory judgment which are redundant to other claims . . . need not be permitted."); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1100 (2d Cir. 1993) (same).

Here, all the remaining claims are duplicative. They each allege that "RLI has no duty to defend . . . Coastline in the underlying action" and request the Court "[f]ind and declare that RLI does not have a duty to defend Coastline in the underlying action." (Doc. 19 ¶¶ 34, 38, 46, 50; *id.* at 8.) Because they all request the same relief and the Court already concluded that the requested relief—a declaratory judgment that RLI had no duty to defend—was warranted, the Court declines to exercise jurisdiction over the remaining claims. Accordingly, the Court dismisses Counts I, IV, and V.

## IV. CONCLUSION

Kruk sued Coastline, alleging he and others suffered losses from Coastline obtaining remuneration from them it was not authorized to obtain. RLI sued Coastline, requesting in four separate counts a declaratory judgment that it had no duty to defend Coastline. Both parties move for summary judgment and the Court grants RLI's motion as to its second count. But the Court denies-in-part RLI's Motion insofar as RLI moves for summary judgment on its other counts. Finally, because the Court grants judgment for RLI, it denies Coastline's Motion for Summary Judgment.

Accordingly, the following is **ORDERED:**

1. The Court **GRANTS-IN-PART** RLI's Motion for Summary Judgment. (Doc. 45.) Specifically, the Court grants the motion insofar as it requests judgment on Count II of RLI's Amended Complaint. (Doc. 19.) The Court **DENIES-IN-PART** RLI's Motion for Summary Judgment insofar as it requests judgment on RLI's other counts. (Doc. 45.)

2. The Court dismisses Counts I, III, IV, and V of RLI Insurance Company's Amended Complaint. (Doc. 19.)

3. The Court **DENIES** Coastline's Motion for Summary Judgment. (Doc. 47.)

4. The Clerk is directed to terminate any pending motions and deadlines, enter judgment in RLI Insurance Company's favor, and close this case. The judgment shall read: "RLI Insurance Company did not owe Coastline Title of Pinellas, LLC, a duty of defense in *Antoni Kruk v. Coastline Title of Pinellas, LLC*, No. 19-007844-CI (Fla. Cir. Ct. Nov. 26, 2019)."

**ORDERED** in Tampa, Florida, on March 8, 2022.

Kathryn Kimball Mizelle
United States District Judge